Krohn v Reyes (2024 NY Slip Op 05282)

Krohn v Reyes

2024 NY Slip Op 05282

Decided on October 24, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 24, 2024

Before: Kern, J.P., Moulton, Scarpulla, Rodriguez, Michael, JJ. 

Index No. 156385/19 Appeal No. 2895 Case No. 2023-03676 

[*1]Paul Krohn, et al., Plaintiffs-Respondents,
v
Angel Reyes, et al., Defendants-Appellants.

Kelly, Rode & Kelly, LLP, Mineola (Eric P. Tosca of counsel), for appellants.
Jason Levine, New York, for respondents.

Order, Supreme Court, New York County (James G. Clynes, J.), entered on or about May 5, 2023, which denied defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Plaintiff Jose Tavarez was injured at a parking garage when he was involved in an accident with a vehicle owned by defendant Manhattan Windoors Inc. According to the police report, Tavarez stated that he accidentally left the vehicle in neutral after he parked it, causing it to roll backward; when he opened the driver's side door in an attempt to stop the vehicle, his right foot became caught inside the door and the vehicle sideswiped a wall, causing the door to close and sever his foot.
Defendants established prima facie entitlement to summary judgment based on the affidavit of defendant Angel Reyes, the owner of Manhattan Windoors. Reyes testified, both by affidavit and at a deposition, that the vehicle was in good condition on the date of the accident, and he denied that anyone had previously notified him of any issues with the gear shift or the driver's side door. His affidavit was submitted in English and thus complied with CPLR 2101(b); although Reyes did not speak English, he confirmed that he also had received a Spanish version of the affidavit (see Rodriguez v Tri-Borough Certified Home Care, Ltd., 227 AD3d 557, 557 [1st Dept 2024]). Furthermore, Tavarez's statements in the certified police report — which, contrary to Supreme Court's finding, was admissible as both a business record and a party admission (see CPLR 4518 [c]; Penn v Kirsh, 40 AD2d 814, 814 [1st Dept 1972]) — suggested that he was the sole cause of the incident.
In opposition, however, plaintiffs raised triable issues of fact, inasmuch as the record presents conflicting versions of how the accident occurred (see Gonzalez v Cruz, 227 AD3d 440, 441 [1st Dept 2024]) and Tavarez categorically denies having made the statements attributed to him in the police report. Plaintiffs also raised triable issues of fact by submitting Tavarez's testimony that he knew of the alleged defects in the vehicle and that he notified defendants about mechanical issues with the driver's side door. Moreover, additional witnesses, including other parking garage employees and defendants' assistant, still needed to be deposed, providing an additional ground to deny defendants' motion (CPLR 3212[f]; see Zuckerman v City of New York, 49 NY2d 557, 562 [1980]).
We have considered defendants' remaining contentions and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 24, 2024